IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHAY GONZALEZ,<br>    Plaintiff,<br><br>   v.<br><br>VJ WOOD RECOVERY, LLC, et al.,<br>    Defendants. | :<br>:<br>:<br>:  Civil No. 5:23-cv-01599-JMG<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                  **March 27, 2024**

**I.  OVERVIEW**

Rashay Gonzalez purchased a vehicle with the help of a bank, Defendant Santander. Unfortunately, Ms. Gonzalez fell behind on her payments to Defendant Santander and defaulted on her loan. Defendant Patrick K. Willis Company, Inc. ("PKW")—a "debt collector" as defined under the FDCPA—contracted with Defendant to repossess Ms. Gonzalez's vehicle. In turn, PKW contracted with Defendant VJ Wood Recovery, LLC ("VJ Wood") to affect the repossession.

Defendant VJ Wood repossessed Ms. Gonzalez's vehicle on December 16, 2022, which gave rise to the narrow issues now before the Court. At bottom, Plaintiff alleges that Defendants did not have a present right to repossess the vehicle at the time they affected repossession. Defendant disagrees and moves this Court for summary judgment. For the following reasons, Defendant's motion is denied.

**II.  FACTUAL BACKGROUND**

  **A. Allegations**

Plaintiff entered into a contract with Defendant Santander on or about July 24, 2021 for the purchase of a new 2021 Mitsubishi Mirage (the "Vehicle."). Defs.' Statement of Undisputed

Material Facts ("Defs.' SUMF"), at ¶ 18. Plaintiff admits to falling behind on her payments to Santander and defaulting on her obligation. *See id.* at ¶¶ 32–33. On or about January 20, 2022, Defendant Santander assigned an Order of Repossession to a vendor. *Id.* at ¶ 37. After two failed attempts to repossess the vehicle, Defendant Santander reassigned the Order of Repossession to Defendant PKW who in turn assigned the actual repossession to Defendant VJ Wood. *See id.* at ¶¶ 40–41, 43.

During the early hours of December 16, 2022, an agent of Defendant VJ Wood ("Agent") located the Vehicle on a public street in front of Plaintiff's residence and began repossession. *See id.* at ¶¶ 54–56.

Before the Agent completed repossession, Plaintiff exited her home and confronted the agent while recording on her cell phone. *See id.* at ¶ 59. As she exited her house, Plaintiff yelled at the repossession agent, "No, No, No," and stated to him three times that she "d[id] not agree to the repossession." *See id.* at ¶ 65. The two discussed the matter civilly, and briefly, before Plaintiff returned inside her home. At no point during the exchange did tempers flare; nor was there any physical contact between Plaintiff and the agent or threats of violence. *See id.* at ¶ 73.

However, the parties disagree at what point in the process Plaintiff confronted the agent. Specifically, they disagree whether the Vehicle was "hooked up" to the Agent's flatbed when Plaintiff confronted the agent, i.e., whether at the time of Plaintiff's verbal protest, the Agent was in control of the vehicle. In any case, the agent fully secured the Vehicle at 2:54 a.m. and departed with it in tow. *See id.* at ¶ 76.

### B. Procedural history

Plaintiff commenced this lawsuit against Defendants on April 27, 2023, alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), unlawfully repossessed

2

Plaintiff's vehicle under the UCC, and, in so doing, converted Plaintiff's property. Defendants filed a motion to dismiss, ECF No. 13, which was denied on August 7, 2023, ECF No. 15. Following the close of discovery, on February, 28, 2024, Defendants filed the present motion for summary judgment. ECF No. 29.

### III. LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020). And a fact is material if "it might affect the outcome of the suit under governing law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party moving for summary judgment must "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In response, the nonmoving party must then "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 252).

In applying this standard, the court must "construe the evidence in the light most favorable to the non-moving party." *Anderson*, 477 U.S. at 255. At the summary judgment stage, the court's role is not to weigh the evidence and determine the ultimate truth of the allegations. *Baloga v.*

*Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019). Instead, the court's task is to determine whether there remains a genuine issue of fact for trial. *Id.*

### IV. ANALYSIS

The parties agree on nearly all material facts. Genuine disputes of two material facts, however, remain: (1) whether Plaintiff's verbal protest resulted in a breach of the peace and, if so, (2) whether the Agent was already in control of the Vehicle at that point. As to the former, an Agent's present right to repossess vanishes once a breach of the peace occurs. As to the latter, a breach of the peace is futile if it occurs after an Agent "has gained sufficient dominion over his collateral to control it." *Marcum v. Eastman Credit Union*, No. 2:10-CV-10, 2012 WL 1795058, at *5 (E.D. Tenn. May 7, 2012) (collecting cases).

All three of Plaintiff's counts hinge on a jury deciding that a breach of the peace occurred. Under the Fair Debt Collection Practices Act ("FDCPA"), Count I of the Complaint, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f (1977). To avoid violating the FDCPA when repossessing property, a debt collector must have a present right to repossession at the time of repossession. But because the FDCPA does not define the phrase "present right to repossession," we must look to state law for an answer. *See Richards v. PAR, Inc.*, 954 F.3d 965, 968 (7th Cir. 2020). The controlling state law is the Pennsylvania commercial code, which is Count II of the Complaint. In Pennsylvania, a secured party has a right to self-help so long as it can do so without a breach of peace. 13 PA. CONS. STAT. § 9609 (2001). Finally, Count III (conversion), also hinges on whether a breach of the peace occurred because property is converted when, *inter alia*, it is taken without lawful justification.

### A. Whether Plaintiff's verbal objection caused a breach of the peace is an issue of fact that must be decided by a jury.

First of all, the Court rejects Defendant's argument that, as a matter of law, no breach of the peace can occur absent contributory conduct from the Defendant. Defendant has provided only one case for that proposition—a recent Western District of Pennsylvania decision—and although the Court will address its disagreement with that decision, we first make the affirmative case for the proposition that a debtor's verbal protest alone may constitute a breach of the peace.

Though we are not the first court in the Eastern District of Pennsylvania to recognize the difficulty in determining when a breach of the peace has occurred in the repossession context, *Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272, 278 (E.D. Pa. 2016) (listing factors to consider), we are perhaps the first called to answer whether verbal protest alone may constitute a breach of the peace.

Although the Third Circuit has not addressed this issue, other circuits have. Both the Sixth and Tenth Circuit Courts of Appeal say verbal objection, as here, may rise to a breach of peace. *See Hensley v. Gassman*, 693 F.3d 681, 689–90 (6th Cir. 2012) ("As numerous state court cases and secondary authorities have recognized, an objection . . . is the debtor's most powerful (and lawful) tool in fending off an improper repossession because it constitutes a breach of the peace requiring the creditor to abandon his efforts to repossess."); *Marcus v. McCollum*, 394 F.3d 813, 820 ("[E]ven polite repossessors breach the peace if they meet resistance from the debtor."), *rev'd on other grounds*, 67 F.4th 1058 (2023). Plaintiff has not identified, and the Court has not located, any circuit court opinion to the contrary. In other federal district and state courts, the overwhelming majority agree. *See* Pl.'s Mem. L. Opp'n Defs.' Mot. Summ. J. at 9–10 (ECF No. 30).

These courts' view is further supported by the relevant treatises. *Marcus*, 394 F.3d at 820 (*quoting* ROGER D. BILLINGS, JR., HANDLING AUTOMOBILE WARRANTY AND REPOSSESSION CASES § 11:38 (2d ed. 2003) ("The general rule is that a debtor's request for the financer to leave the car alone must be obeyed.")); 4 WHITE, SUMMERS, & HILLMAN, UNIFORM COMMERCIAL CODE § 34:18 (6th ed. 2023) ("The debtor's opposition, however slight and even if merely oral, normally makes any entry or seizure a breach of the peace.").

The Western District disagreed with this approach in *McCarthy v. First Credit Res., Inc.*, No. 2:23-CV-824-NR, 2023 WL 7926274, at *2 (W.D. Pa. Nov. 16, 2023*)*. The *McCarthy* court stated that the "taking of a vehicle over the oral objection of the owner, however strenuous, is not a breach of the peace unless accompanied by factors indicating that the activities of the repossession agent are of a kind likely to cause" a breach of the peace. *See id.* at *2 (internal quotation marks omitted). That is, *McCarthy* diverges from the majority rule that a repossessor has a right only to *peaceful* self-help, as the Sixth Circuit explained in *Hensley*, 693 F.3d at 690 n.7.

We must disagree with *McCarthy*'s reasoning. Although *McCarthy* begins by citing *Rivera*—an Eastern District of Pennsylvania case—for a discussion of the relevant standard, it then focuses on decisions in other states and circuits that were decided based on the repossessor's conduct. To be sure, under *Rivera*, a breach of the peace can occur based on the repossessor's conduct alone. *See, e.g.,* 2023 WL 7926274 at *278 (*citing Stewart v. North*, 65 Pa.Super. 195, 201 (1916) (breaking a window to unlock a door to a residence to repossess a piano was a "breach of the peace")). Yet, far from hinging a breach of the peace solely on a repossessor's actions, *Rivera* repeatedly references "critical facts" regarding the debtor's conduct. *See, e.g., id.* at 278–79 (citing a debtor's "oral objection at the scene of repoession," "verbal confrontation," and a

debtor's "objection."). *Rivera* did not address whether a verbal protest alone may amount to a breach of the peace, but our understanding of its reasoning supports that proposition.

The majority rule, which *McCarthy* goes against, is based on a plain reading of the Pennsylvania UCC and the UCC itself. In Pennsylvania, a secured creditor may repossess secured collateral "without judicial process if it proceeds without breach of the peace." 13 PA. CONS. STAT. § 9609 (2001). Nowhere does the statute broaden a secured creditor's right to repossess in the face of a breach of the peace so long as it does not contribute to that breach of the peace.[1] The UCC provides further support for the majority position:

> **The debtor's opposition, however slight and even if merely oral, normally makes any entry or seizure a breach of the peace.** We believe this is sound because the law should not make a debtor physically confront a repossessor in order to sustain a claim of breach of the peace. If physical confrontation were required, the law would be bowing to the raw power of the repossessor and might even encourage quite antisocial behavior, e.g., using a knife or a shotgun against the repossessor.

WHITE ET. AL., *supra*. (emphasis added).

In light of the foregoing, the Court holds that as a matter of law, a verbal objection may constitute a breach of the peace, but whether a breach of the peace in fact occurred here must be decided by a jury. In so doing, we adopt the reasoning of the Sixth and Tenth Circuit Courts of appeal, *Rivera*, the Pennsylvania UCC, and the UCC itself.

### B. Whether the Agent controlled the Vehicle before the alleged breach of the peace is an issue of fact that must be decided by a jury.

---

[1] Nevertheless, the Court credits Plaintiff's alternative argument uniting the *McCarthy* opinion with the majority rule: "In persisting to take the car anyway, the repo agent acted in a manner that had a 'reasonable potential' to 'provoke a disruption to the public order' . . ." *See* Pl.'s Mem. L. Opp'n Defs.' Mot. Summ. J. at 9–10 (ECF No. 30) (*quoting Commonwealth v. Copenhaver*, 229 A.3d 242, 246 (Pa. 2020) (stating the criminal standard for breach of the peace)).

"It is well-established that once a repossession agent has gained sufficient dominion over his collateral to control it, the repossession has been completed and objection by the debtor will be of no avail." *Marcum*, 2012 WL 1795058, at *5 (collecting cases). So, even if a jury were to conclude that Plaintiff's verbal objections created a breach of the peace, it could not have disturbed Defendants' present right to repossess the Vehicle unless it occurred before the agent controlled the Vehicle. There is no question that, at some point, the agent gained control of the Vehicle and completed the repossession. Yet at what point the agent controlled the Vehicle is not evident to the Court and must be decided by the jury.[2]

## V.     CONCLUSION

For the reasons set out in this memorandum, Defendants' motion for summary judgment is denied.  An appropriate Order follows.

BY THE COURT:

 */s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[2] On this point the parties' disagreement appears most impassioned. Plaintiff describes Defendants' claim that the Agent controlled the Vehicle before the alleged breach of the peace as "demonstrably and sanctionably false." Pl.'s Resp. Defs.' Statement of Material Facts at ¶¶ 56–58, 62–63, 91. Although Plaintiff points to the video, alleging that it "irrefutably shows that the vehicle was not hooked up to the tow truck," the Court disagrees with this characterization. *Id.* The Court is not a towing expert and the video reveals little about the status of towing progress at the time of the alleged breach of the peace.